# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| VERASUN FORT DODGE, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>INDUSTRIAL AIR TECHNOLOGY CORP.,<br><br>    Defendant and<br>    Third-Party Plaintiff,<br><br>vs.<br><br>JOHN ZINK COMPANY, LLC,<br><br>    Third-Party Defendant. | No. C07-3013-MWB<br><br>**ORDER TO APPEAR AND<br>SHOW CAUSE** |

      Beginning at 9:00 a.m. on Friday, December 12, 2008, the court conducted a settlement conference in this case at the U.S. Courthouse in Des Moines, Iowa. Although this is a Northern District of Iowa case, the court agreed to conduct the settlement conference in Des Moines for the convenience of the parties. The court left Sioux City for Des Moines at about 4:30 p.m. on Thursday, December 11, 2008.

      In the order scheduling the settlement conference entered on September 30, 2008 (Doc. No. 87), the court required, in part, as follows: "Not later than **two court days** before the settlement conference, the parties must submit to the settlement conference judge (but not file) a confidential written settlement statement setting forth the following: (a) the relevant positions of the parties concerning factual issues, issues of law, and damages; (b) the settlement negotiation history of the case, including a recitation of the specific demands and offers that have been conveyed; and (c) the names and positions of the individuals who will be attending the settlement conference." The order further provided, "If a party appears at the settlement conference without having complied with

the requirements of this order, then the court may cancel the settlement conference and assess against the noncomplying party, attorney, or both, the fees and expenses incurred by the other parties in attending the settlement conference and the expenses incurred by the court in attending the settlement conference."

Prior to leaving Sioux City to travel to Des Moines for the settlement conference, the court received timely, detailed settlement statements from the plaintiff and the defendant, but received nothing from third-party defendant John Zink Company, LLC. Upon arriving at the settlement conference on Friday morning, the court learned that John Zink Company had attempted to comply with the court's order by sending an email to the court at 5:09 p.m. on Thursday, December 11, 2008 (after the close of business hours, and after the court had left Sioux City for Des Moines). The email started out with the following: "I apologize for this late report on tomorrow's settlement conference. I just reread the Order for tomorrow."

The court will not hesitate to impose sanctions for failure to comply with an order. *John's Insulation, Inc. v. L. Addison and Assocs., Inc.*, 156 F.3d 101, 109 (1st Cir. 1998) ("It is axiomatic that a party may not ignore a court order with impunity."); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (holding no abuse of discretion to award sanctions for failure to obey court's order regarding settlement conference); *Jones v. Winnepesaukee Realty*, 990 F.2d 1 (1st Cir. 1993) (magistrate judge's order is not frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril). Rule 16(f) of the Federal Rules of Civil Procedure warns parties that sanctions may follow the failure to obey a pretrial order, including those authorized by Rule 37(b)(2)(A)(ii)-(vii). Instead of, or in addition to, sanctions, the court may impose fees and costs. *See* Rule 16(f)(2).

As matters turned out, the failure of John Zink Company to comply with the court's order presented a substantial impediment to the settlement conference process that the court

had not anticipated and for which the court was not prepared. The court could have taken steps to avoid or deal with the impediment had John Zink complied with the settlement conference order.

John Zink Company is ordered to appear in this court in Sioux City, Iowa, at **9:00 a.m. on December 23, 2008**, to show cause why it should not be sanctioned for failing to comply with the court's order.

**IT IS SO ORDERED.**

**DATED** December 15, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT